CLANCEY *et al. v.* LOSEY *et al.*

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

1. APPEAL—HARMLESS ERROR—EVIDENCE.

In an action to recover money alleged to have been withheld from plaintiffs by defendants, who had indorsed plaintiffs' note and negotiated it for them, defendants set up a special contract that they should retain from the proceeds of the note the sum sued for as compensation for their services. *Held,* that error in admitting evidence of the usual price of such services as defendants had rendered was not prejudicial to defendants, where the jury found for plaintiffs for part of the sum, since such finding negatived the existence of the special contract, in the absence of which defendants would have been restricted to the statutory brokerage but for the evidence in question.

2. RELEASE AND DISCHARGE—SETTLING ACTION—EFFECT ON COUNTERCLAIM.

Where an action in which a counterclaim was pleaded is discontinued by stipulation of the parties, and the cause of action is settled, but no reference is made in the stipulation to the counterclaim, and it was of such a nature that it could not have been allowed in that action, it is not discharged by the settlement of the action.

Appeal from Monroe county court.

Action by Mary J. Clancey and others against George R. Losey and others. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial on the minutes of the court, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. B. Hallock,* for appellants. *J. A. Garlock,* for respondents.

DWIGHT, P. J. The action was to recover the sum of $600, alleged to have been wrongfully retained and withheld by the defendants out of the avails of a loan negotiated by them for the plaintiffs. The answer averred a special contract of the plaintiffs to pay the defendants the sum of $600 for their services in negotiating the loan of $4,300 for three months, and for indorsing the plaintiffs' note given therefor. The two defendants did indorse the note, and procured the indorsement of a third person, and the discount of the note at bank, and the defendants kept back the $600. As security to the indorsers, the plaintiffs executed to the three a mortgage on real estate in Rochester, of large value, but subject to prior incumbrances. The note not being paid at the end of the three months, the mortgagees promptly proceeded to bring an action of foreclosure, and the mortgagors, the plaintiffs herein, set up, among other matters, by way of defense, a counterclaim against the two defendants herein for the $600 wrongfully retained by them. That action was discontinued by stipulation of the parties, under an arrangement

by which a brother of the plaintiffs, here, took title to the property, and negotiated a new loan, out of the avails of which he paid off the mortgage in suit and all other liens on the property. On the trial evidence was received against the defendants' objection for the purpose of showing a market value or usual price of such services as those of the defendants, including their indorsement, and what such services and indorsement were reasonably worth. The jury rendered a verdict for the plaintiffs for $271.20.

The foregoing statement presents the two questions which arise on this appeal, neither of which, we think, affords ground for a reversal of the judgment appealed from. The admission of testimony of market value or reasonable value of a loan of credit was no doubt error, (*Perrine* v. *Hotchkiss*, 58 Barb. 77;) but it was not only not to the prejudice of the defendants, but to their advantage. The jury refused to believe the testimony of the defendants as to the existence of the special contract for $600, and therefore, under the doctrine of the case cited, they could have recovered nothing beyond the statutory brokerage, at the rate of one half of 1 per cent. per annum on the amount of the loan. It was only on the theory of a *quantum meruit* that the jury could have allowed to them the substantial compensation of about $250 for their services and indorsement, and thus the admission of the evidence in question was clearly not to their prejudice.

The other objection to the judgment, which was raised by a motion for the direction of a verdict, viz., that the cause of action of the plaintiffs was settled and discharged by their consent to a discontinuance of the foreclosure action against them, is equally unavailing to the defendants. The two actions were not between the same parties. The foreclosure action was brought by the three mortgagees, and the counterclaim attempted to be set up by the plaintiffs here, as defendants in that action, existed only against two of those plaintiffs, and was not properly pleaded, and could not have been properly allowed as a counterclaim therein. There was in the stipulation for a discontinuance of the action no reference to the attempted counterclaim, nor was it, so far as the evidence shows, mentioned or considered in the negotiations which led to the discontinuance.

We find nothing in the case which indicates that there was any agreement between the parties that the plaintiffs' claim in this action should be discharged in the settlement of the action of foreclosure, and certainly there was nothing in the settlement itself which necessitated that result. There seems to have been no error committed on the trial of this case of which the defendants have the right to complain, and the judgment and order denying motion for a new trial must be affirmed. Judgment and order of the county court of Monroe county appealed from affirmed, with costs. All concur.